UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANGELA BURTON                                                                    PLAINTIFF

v.                                                                          NO. 3:13-CV-00316-CRS

APPRISS, INC.                                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on the motion of Defendant Appriss, Inc. ("Appriss") to dismiss Plaintiff Angela Burton's ("Burton") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to dismiss Burton's state-law claim. (DN 4). Burton has filed a response to Appriss' motion (DN 6), to which Appriss has replied (DN 7). Fully briefed, the matter is now ripe for adjudication. The court must deny Appriss' motion to dismiss (DN 4) at this time because formal discovery may produce evidence supporting Burton's claims.

**I.    BACKGROUND**

Burton was formerly employed as an Account Manager for Appriss' Information Services Group in Louisville, Kentucky. Burton alleges that her duties as an Account Manager included "promoting sales of Defendant's products, specifically Methcheck, to individual customers of Defendant." In addition, Burton alleges that she was responsible for upselling her assigned customers and managing their accounts. Burton contends that after she terminated her employment with Appriss, Appriss failed to pay her overtime compensation for time worked in excess of 40 hours per week, in violation of the provisions of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 206 and 207, and the Kentucky Wages and Hours Act ("KWHA"), KRS § 337.285.[1] In addition to recovery of unpaid overtime compensation, Burton seeks to recover liquidated damages, prejudgment interest, and attorney's fees and costs.

Burton purports to bring a collective action under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and a Rule 23 class action under the KWHA, KRS §§ 337.010, *et seq*. The proposed class would include "[a]ll present and former Account Managers of Appriss, Inc., who were not paid overtime compensation for time worked in excess of forty (40) hours per week or were not compensated for time worked" (hereinafter, the "Class Members"). Burton's complaint requests that the court certify this action as a class action pursuant to Rule 23 and, in accordance with 29 U.S.C. § 216(b), issue notice to all persons who are presently, or have at any time in the three years preceding the filing of this action, been employed by Appriss in the position of Account Manager.

Burton filed the case in this court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the FLSA claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the KWHA claims. The parties have not yet engaged in formal discovery. Appriss now seeks to dismiss Burton's complaint pursuant to Rule 12(b)(6) for failure to state a claim or, in the alternative, to dismiss Burton's claims arising under the KWHA.

## II. STANDARD

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). During the pleading stage, the plaintiff must provide factual allegations that are "enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

---

[1] The complaint also alleges that Appriss violated KRS § 337.272, but the Kentucky Revised Statutes contain no such provision.

550 U.S. 544, 555, 570 (2007). In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "construe the complaint in the light most favorable to plaintiff" and "accept all well-pled factual allegations as true[.]" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citation omitted). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements" of the offense. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted).

As a general rule, a district court may not consider matters outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss without converting the motion into one for summary judgment. *J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 86–87 (6th Cir. 2007); *see* Fed. R. Civ. P. 12(d). However, "when a document is referred to in the complaint and is central to the plaintiff's claim," a defendant "may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (quotation omitted). If a motion to dismiss is converted to a motion for summary judgment, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

If a defendant asserts an affirmative defense, its Rule 12(b)(6) motion to dismiss should be granted only where that affirmative defense clearly prevents all conceivable recovery on the

underlying claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Dismissal is only appropriate where the affirmative defense appears on the face of the complaint, and there is no dispute that the plaintiff's action is barred by the defense. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (finding that "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim").

## III.  DISCUSSION

Burton contends that Appriss violated several provisions of the FLSA and the KWHA by failing to compensate her and the Class Members for overtime hours worked while in its employ. "The FLSA requires overtime pay for each hour worked in excess of forty hours per week[.]" *Foster v. Nationwide Mut. Ins. Co.*, 710 F.3d 640, 642 (6th Cir. 2013); 29 U.S.C. § 207(a)(1). The KWHA imposes this same overtime pay requirement on employers. KRS § 337.285. Employers who violate these provisions are liable to their employees in the amount of the unpaid overtime compensation owed, in addition to liquidated damages and reasonable attorney's fees. 29 U.S.C. § 216(b); KRS § 337.385.

Certain categories of employees are excluded from this overtime compensation requirement. For example, employers do not have to pay overtime wages to persons employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1); KRS § 337.010(2)(a). "An employer may raise a plaintiff's status as an exempt employee as an affirmative defense to claims brought under the FLSA." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846–47 (6th Cir. 2012) (citation omitted). However, "exemptions to the FLSA's overtime provisions are to be narrowly construed against the employers seeking to assert them," and the employer bears the burden of proof as to the applicability of the exemption.

-4-

*Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (citations and internal marks omitted).

### A. The FLSA Claims

Burton alleges that Appriss willfully and intentionally violated 29 U.S.C. §§ 206 and 207 of the FLSA by depriving her and the Class Members of overtime compensation. Section 216(b) of the FLSA states that a qualifying employer is liable to its employees if it fails to pay them the federally mandated minimum wage under Section 206 of the Act and/or one-and-one-half times the employees' regular rate of pay for work completed over forty hours per week under Section 207 of the Act. Employees bringing a claim for unpaid overtime compensation under Section 207 of the FLSA must prove, as part of their *prima facie* case, that: "(1) there exists an employer-employee relationship; (2) there was an engagement in activities within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime pay required by law." *Noble v. Serco, Inc.*, 2009 WL 1811550, at *2 (E.D. Ky. June 25, 2009) (citing *Kowalski v. Kowalski Heat Transfer Co.*, 920 F. Supp. 799, 806 (N.D. Ohio 1996)).

Appriss' motion comes to the court under Rule 12(b)(6), and thus the court must accept the complaint's well-pled factual allegations as true. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citations and internal marks omitted). The complaint alleges that Burton was employed by Appriss, that Appriss is an enterprise engaged in interstate commerce, and that Appriss intentionally and willfully failed to pay overtime compensation to Burton and the Class Members for each hour worked in excess of forty hours per week. After considering the complaint the court finds that, as to the FLSA claim, Burton has pleaded sufficient factual content to survive Appriss' motion to dismiss. "Once the plaintiff has made a prima facie case, the burden shifts to the employer to show by a preponderance of the evidence that one of the

exemptions afforded by Section 213 of the FLSA applies to the employment in question." *Kowalski*, 920 F. Supp. at 806. In its motion to dismiss, Appriss raises as an affirmative defense that Burton and the Class Members are administrative employees, as defined in 29 C.F.R. § 541.200(a), and are thus exempt from the FLSA's overtime compensation requirements. Section 213 of the FLSA states that the overtime pay requirement does not apply to administrative employees, which are defined as employees:

(1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . ., exclusive of board, lodging or other facilities;

(2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a) (citing 29 U.S.C. § 213(a)(1)). Appriss has the burden of proving its affirmative defense by showing that Burton's and the Class Members' employment fit within the three prongs of the administrative employee exemption.

Appriss fails to satisfy the first prong of the exemption because it has not provided the court with proof that Burton and the Class Members were compensated in an amount that would meet the requirements of 29 C.F.R. § 541.200(a). Instead, Appriss states that the parties "do not dispute that the Plaintiff earned more than $455 per week on a salary basis[.]" (DN 4-1, p. 7 n.3). Burton's complaint does not state her rate of compensation, and Appriss' bald assertion is not sufficient proof that Burton and the Class Members were compensated in a manner that would satisfy the administrative employee exemption.

Even if Appriss could meet its burden with regard to the compensation requirement, Appriss would also need to prove the applicability of the second and third prongs of the

administrative employee exemption. Both prongs require Appriss to define the "primary duties" of Burton and the Class Members. In determining which acts constitute an employee's primary duties, courts must "focus on evidence regarding the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations." *See Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400 (6th Cir. 2004) (citing *Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 688–92 (6th Cir. 2001)). Neither Appriss nor Burton have provided a description or account of the Class Members' actual, or day-to-day, duties.[2] Thus, Appriss cannot satisfy the second and third prongs of the administrative employee exemption.

Because the availability of the administrative employee exemption is not "unequivocally" clear from the face of the complaint, Appriss' affirmative defense "is improperly presented at the pleading stage." *See Beaulieu v. Vermont*, 2010 WL 3632460, at *5–6 (D. Vt. Aug. 5, 2010) (denying the employer's motion to dismiss the plaintiff's FLSA claims and noting that "[t]he exemption categories delineated by the FLSA are not designed to thwart nascent claims, but rather, are available affirmative defenses to be fleshed out during the discovery process"). The court is unable to conclude that no set of facts could be proven wherein Burton and the Class Members would be entitled to overtime compensation under the FLSA. Accordingly, the court must deny Appriss' motion to dismiss Burton's FLSA claims at this time.

---

[2] Appriss attaches to its motion a general job description for the position of "Account Manager," (DN 4-2, p. 3–4), which the court declines to consider in making its ruling. Though this description was introduced outside of the pleadings, the court will not convert Appriss' motion to one for summary judgment.

### B. The State Claim

Appriss also seeks to dismiss Burton's claim arising under the KWHA, in particular, KRS § 337.285.[3] Appriss raises several grounds upon which it requests dismissal of this claim. Appriss first argues that the court should refuse to invoke its supplemental jurisdiction over this state law claim because it provides for a different allocation of the burden of proof and presents a different standard of limitation than does Burton's FLSA claims. The court has original jurisdiction over Burton's claims under the FLSA, as these claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In order to consider Burton's state law claim, the court must exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). In doing so, the court looks to whether both claims "derive from a common nucleus of operative facts," *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (citation omitted), such that Burton "would expect to try them in one judicial proceeding." *Michigan Bell Tel. Co. v. MCIMetro Access Transmission Servs., Inc.*, 323 F.3d 348, 362 (6th Cir. 2003).

Burton's FLSA claims allege that Burton and the Class Members were entitled to overtime wages, and Appriss failed to pay such wages. (DN 1, ¶ 1). Burton's claim under the KWHA also seeks recovery of unpaid overtime wages. (DN 1, ¶ 1). Whether Burton and the Class Members were entitled to receive overtime compensation is an issue that must be resolved for both the FLSA claims and the KWHA claim. Moreover, there is no indication that the relief Burton seeks for the FLSA claims would not also encompass the relief she seeks for the KWHA claim. These claims derive from a common nucleus of operative facts, and the court may exercise supplemental jurisdiction over the KWHA claim pursuant to 28 U.S.C. § 1367.

---

[3] KRS 337.285(1) provides: "No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed."

Appriss next argues that even if the court decides to exercise supplemental jurisdiction over the KWHA claim, that claim should nonetheless be dismissed because it is incompatible with Burton's FLSA claims. The KWHA differs from the FLSA in several respects. To bring a claim to recover overtime wages under the KWHA, a plaintiff must—as part of her *prima facie* case—provide proof that she is an "employee," as defined by the KWHA. *Fox v. Lovas*, 2012 WL 692131, at *4 (W.D. Ky. Mar. 2, 2012) (citing *City of Louisville, Div. of Fire v. Fire Serv. Managers Ass'n ex rel. Kaelin*, 212 S.W.3d 89, 94 (Ky. 2006)). The KWHA defines an "employee" as "any person employed by or suffered or permitted to work for an employer," but this definition does not include "[a]ny individual employed in a bona fide executive, administrative, supervisory, or professional capacity . . ., as the terms are defined by administrative regulations" of the Department of Labor. KRS § 337.010(2)(a)(2). Thus, Burton bears the burden of proving that she and the Class Members are "employees," as defined by the KWHA. This requires Burton to plead facts which show that she and the Class Members were not employed in an executive, administrative, supervisory, or professional capacity. Whether Burton and the Class Members are exempt employees under the KWHA is a question of law for the court to decide. *Puckett v. Automed Techs., Inc.*, 2009 WL 1530677, at *3 (W.D. Ky. June 1, 2009).

The complaint does not state the rate of Burton's and the Class Members' compensation, but it outlines Burton's job duties as follows: "Plaintiff was primarily responsible for promoting sales of Defendant's products . . . to individual customers of Defendant," and was involved in "upselling her assigned customers and managing those customer's [sic] accounts." (DN 1, ¶ 9). From these statements alone, this court is unable to conclude at this time whether Burton and the Class Members are "employees," as that term is defined in KRS § 337.010(2)(a)(2). In *Goodwin*

*v. Novartis Pharmaceuticals Corp.*, 2012 WL 1079086 (W.D. Ky. Mar. 30, 2012), a court reached a similar conclusion in a case involving a senior sales consultant who filed several claims against her former employer, including a claim for unpaid wages under KRS § 337.385. In that case, the employer sought to dismiss the plaintiff's claims pursuant to Rule 12(b)(6). After considering the relevant provisions of the KWHA, along with the statements contained in the complaint and the limited pleadings, the court found that it could not conclude whether the plaintiff fit within the KWHA's definition of "employee." *Id.* at *6. The court held that "[a]lthough Plaintiff must ultimately establish her right to recover under § 337.385 as a non-exempt employee and the amounts owed, the Court concludes Plaintiff has adequately pleaded her statutory wage claim." *Id.* As the facts in this case are similar to those in *Goodwin*, this court also finds that Burton has adequately pleaded her KWHA claim, insofar as she has pled facts which show that she was a non-exempt employee under Kentucky law.

Appriss next argues that the KWHA claim "cannot co-exist" with Plaintiff's federal FLSA claims. Appriss recognizes that "many courts have determined that a Fed. R. Civ. P. 23 opt-out class action is not inherently incompatible with a 29 U.S.C. § 216(b) opt-in collective action," yet it requests dismissal of Burton's KWHA claim because "it presents novel issues of state law that will predominate over the federal issue." (DN 4-1, p. 11–12). Appriss expresses concern that the allegedly inherent incongruities between the two acts will be most apparent at the class certification phase. In *Fox v. Lovas*, 2012 WL 692131 (W.D. Ky. Mar. 2, 2012), a court addressed this issue when a plaintiff brought claims under both the FLSA and the KWHA. The court noted that there were structural differences between the federal and state acts:

> In an overtime wages case under the FLSA, the employer bears the burden of proving that the employee is exempt because she is a bona fide administrative employee. If the employer proves that the employee works in such a capacity, it

> necessarily means that the plaintiff cannot prove she is an "employee" under the
> KWHA. The two are mutually exclusive.

*Id.* at *5. Though the FLSA and the KWHA place the burden of proving an exemption to the overtime compensation requirements on different parties, such differences do not prevent Burton from simultaneously raising both claims in this court. In fact, a determination of Burton's status as an administrative employee will be conclusive for both the FLSA and KWHA claims. Whether these variances between the FLSA and the KWHA present a problem during class certification is an issue that should be resolved if, and when, that issue is before the court. Accordingly, the court must reject Appriss' argument that Burton's KWHA claim is incompatible with her FLSA claims.

Appriss' final contention is that the court should defer Burton's state law claim to the state courts because the state law claim will prolong and complicate the resolution of this matter. Appriss notes that prior to filing this action, Burton also filed a claim against Appriss in Jefferson Circuit Court. The state court action is currently pending. The court takes judicial notice of this state court action,[4] but notes that the facts and legal issues involved in that action are distinct from the action pending before this court. In the state court action, Burton individually seeks to recover unpaid wages for commissions that Appriss allegedly withheld from her, in violation of KRS § 337.285; in the case at bar, Burton seeks class certification to recover unpaid wages for overtime compensation that Appriss allegedly withheld from her and the Class Members, in violation of KRS § 337.285. As these two cases seek different relief and involve different parties, they are sufficiently distinct and will not prolong or confuse the issues

---

[4] Under Fed. R. Evid. 201, a district court may take judicial notice of an adjudicative fact, *i.e.*, that which is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records, such as the pleadings filed in a state court action, are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). The court construes Appriss' motion to dismiss (DN 4) to include a request to take judicial notice of the fact that an action between the parties is pending in the Jefferson Circuit Court. In the absence of any objection from Burton, the court will take notice as requested.

raised by Burton's FLSA claims. Therefore, the resolution of Burton's class action relief under KRS § 337.285 is properly before the court.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's complaint or, alternatively, to dismiss Plaintiff's state-law claim (DN 4) is **DENIED**. A separate order will be entered in accordance with this opinion.

November 18, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**